

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

January 11, 1972

Honorable Jack K. Williams
President
Texas A&M University
College Station, Texas   77843

Opinion No. M-1041

Re:  Disposition of that portion
of real estate broker and
salesman license fees dedicated
to the Real Estate Research
Center at Texas A&M University
by Section 24a of Article
6573a, V.C.S.

Dear Dr. Williams:

Your request for an opinion reads as follows:

"In reference to Opinion No. M-970 (1971),
it is our understanding that no appropriation is
required to enable the State Treasurer, under
authority of Article 4393a, to transmit to Texas
A&M University the fees referred to in Section 24
of the Real Estate Research Center Act.  If we
are correct in this, your confirmation will be
appreciated."

Section 6 of Senate Bill 338, Acts 62nd Leg., R.S., 1971,
amends Section 22 of the Real Estate License Act (Article 6573a,
Vernon's Civil Statutes) so as to increase the fee for filing of
either an original application or renewal application for real
estate broker from $10.00 to $20.00 and the fee for filing of an
original or renewal application for real estate salesman from
$5.00 to $10.00.  Section 7 of Senate Bill 338 amends Section 24
of the Real Estate License Act, and the relevant portion thereof
reads as follows:

"Sec. 24.   (a) Ten Dollars ($10.00) re-
ceived by the commission for the filing of
broker license renewal applications and Five
Dollars ($5.00) received by the commission for
the filing of real estate salesman license
renewal applications shall be transmitted to
Texas A&M University for deposit in a separate
banking account.  The money in the separate
account shall be expended for the support and

-5094-

maintenance of the Real Estate Research Center
and for carrying out the purposes, objectives,
and duties of the Center.

"(b) Except as provided in Subsection (a)
of this section all moneys derived from fees,
assessments, or charges under this Act, shall
be paid by the commission into the State Treasury
for safekeeping, and shall by the State Treasurer
be placed in a separate fund to be available for
the use of the commission in the administration
of the Act upon requisition of the commission . . ."

In construing the above quoted provisions it was held in
Attorney General's Opinion M-970 (1971):

"It is clear from the provisions of Section
24a as amended by Senate Bill No. 338 that the Legis-
lature has dedicated one-half of the filing fee for
renewal applications of real estate broker and real
estate salesman licenses to the special purpose of
the maintenance and support of the Real Estate Re-
search Center at Texas A&M University.  . . .

". . .

"It is mandatory that one-half of the license
fees be deposited in the State Treasury and that the
other one-half be transmitted to Texas A&M University.
This duty may be performed by placing all the license
fees in the hands of the State Treasurer for proper
distribution by him pursuant to Article 4393a, Vernon's
Civil Statutes."

Since the fees dedicated to the Real Estate Research Center
at Texas A&M University are not in the State Treasury, such fees are
not required to be appropriated.  Article VIII, Section 6, Texas
Constitution.

### S U M M A R Y

Fees referred to in Section 24 of the Real
Estate Research Center Act which are transmitted
by the State Treasurer to Texas A&M University
pursuant to Articles 6573a and 4393a, Vernon's
Civil Statutes, are not required to be appropriated

by the Legislature, not being in the State Treasury. Article VIII, Section 6, Texas Constitution.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by John Reeves
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman
Mel Corley
Arthur Sandlin
John Banks
Jack Goodman

SAM McDANIEL
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant